IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KENNETH WAYNE PACE, | ) | |
|     Petitioner | ) | Civil Action No. 7:13cv00171 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN, | ) | By: Norman K. Moon |
|     Respondent. | ) | United States District Judge |

Petitioner Kenneth Wayne Pace, a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2009 conviction and sentence in the Circuit Court for the City of Waynesboro.[1] Pace argues that counsel provided ineffective assistance on three grounds, that his indictment and convictions were invalid, that his confession was obtained without proper *Miranda*[2] warnings, and that his guilty plea was not intelligent and voluntary. The Virginia Supreme Court found that Pace's ineffective assistance of counsel claims failed under *Anderson v. Warden*, 222 Va. 511, 281 S.E.2d 885 (1981), and his claims regarding invalid convictions and an illegally obtained confession were barred by his guilty plea. Pursuant to 28 U.S.C. 2254(d), I find that the state court's adjudication of those claims was not contrary to, or an unreasonable application of, clearly established federal law and did not result in a decision that was based on an unreasonable determination of the facts. I also find that Pace's claim that his guilty plea was not intelligent and voluntary is procedurally barred because he did not raise it in the state court, and he has not demonstrated grounds to excuse his default. Therefore, I will grant respondent's motion to dismiss.

---

[1] Pace originally filed this action in the U.S. District Court for the Eastern District of Virginia, and it was transferred to this court by an April 9, 2013 order.

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

## I.

After entering *Alford*[3] pleas, Pace was convicted in the Circuit Court for the City of Waynesboro of two counts of rape of a child under age 13. Pace also pleaded guilty and was convicted of one count of aggravated sexual battery of a child under 13. The Circuit Court sentenced Pace to a total term of 80 years, with 45 years of that time suspended. Pace appealed, arguing that the trial court abused its discretion by failing to adequately consider mitigating factors when imposing his sentence. The Court of Appeals of Virginia denied his appeal. Pace appealed that denial to the Supreme Court of Virginia, which refused his appeal. Pace, proceeding pro se, filed a timely habeas petition in the Supreme Court of Virginia on March 28, 2012, alleging that:

1. His arrest and indictment were invalid, and the case was not filed in the proper venue, as the events alleged occurred in Staunton, not Waynesboro.

2. He should not have been charged with three offenses, as the "touches" were not separate, distinct occurrences, but occurred in one uninterrupted act, over a course of "mere minutes."

3. His confession was illegally obtained, as he was not timely advised of his *Miranda* rights, and was under emotional duress.

4. The prosecutor made false statements to the court, including that Pace: wiped his computer hard drive clean; spilled a drink on the victim's underpants; planned the events that transpired; took illicit pictures of the victim; and gave the victim a sleeping pill and alcohol.

5. Counsel was ineffective for:

    a. Failing to file a motion to suppress Pace's confession;

    b. Failing to file a motion to exclude video testimony from the victim;

---

[3] *N.C. v. Alford*, 400 U.S. 25 (1970). An *Alford* plea is "an arrangement in which a defendant maintains his innocence but pleads guilty for reasons of self-interest." *United States v. Taylor*, 659 F.3d 339, 347 (4th Cir. 2011) (citing *Alford*, 400 U.S. at 37). A trial court may accept an *Alford* plea when: (1) the defendant "intelligently concludes that his interests require entry of a guilty plea;" and (2) "the record before the judge contains strong evidence of actual guilt." *United States v. Mastrapa*, 509 F.3d 652, 659 (4th Cir. 2007) (quoting *Alford*, 400 U.S. at 37-39).

2

    c. Ignoring Pace's assertions that no criminal acts occurred in Waynesboro, and advising Pace that the victim's testimony was sufficient to establish venue in Waynesboro;

    d. Advising Pace that he could be charged for each "touch"; and

    e. Advising Pace that a plea of Not Guilty by Reason of Insanity was not an option for him, and coercing him into pleading guilty by promising that the victim would be present for sentencing, when the victim did not actually appear at the sentencing hearing.

The Supreme Court of Virginia dismissed Pace's habeas petition.

Pace filed this § 2254 federal habeas petition on March 20, 2013, claiming that:

1. His indictment and convictions were invalid because his crimes did not occur in Waynesboro.

2. He should not have been charged with or convicted of three offenses, as the "touches" were not separate, distinct occurrences, but occurred in one uninterrupted act, over a course of "only a few minutes."

3. His confession was illegally obtained, as he was not properly advised of his *Miranda* rights.

4. Counsel was ineffective for failing to:

    a. File a motion to suppress his confession;

    b. File a motion to exclude video testimony from the victim; and

    c. Investigate the issue of jurisdiction.

5. His guilty plea was not intelligent and voluntary.

The court served Pace's petition upon the respondent, and this matter is before the court on respondent's motion to dismiss.

## II.

After a state court addresses the merits of a claim also raised in a federal habeas petition, a federal court may not grant the petition unless the state court's adjudication of the claim was

contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application" of federal law is based on an independent review of each standard. *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000).

A state court determination is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Id*. at 413. A federal court may also issue the writ under the "unreasonable application" clause if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. This reasonableness standard is an objective one. *Id*. at 410. A Virginia court's findings cannot be deemed unreasonable merely because it does not cite established U.S. Supreme Court precedent on an issue if the result reached is not contrary to that established precedent. *See Mitchell v. Esparza*, 540 U.S. 12, 16 (2003). A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); *Lenz v. Washington*, 444 F.3d 295, 300–01 (4th Cir. 2006).

### III.

A. Claims 1, 2 and 3

Pace alleges that: (1) his indictment and convictions were invalid because his crimes did not occur in Waynesboro; (2) he should not have been charged with or convicted of three

offenses; and (3) the police obtained his confession without proper *Miranda* warnings.[4]  Pace presented these claims to the Supreme Court of Virginia, which held that they were barred pursuant to *Peyton v. King*, 210 Va. 194, 196-97, 169 S.E.2d 569, 571 (1969), because "a voluntary and intelligent guilty plea waives all non-jurisdictional defenses antecedent to a guilty plea." *Pace v. Warden*, No. 1151545, slip op. at 2 (Va. Feb. 6, 2013).  This ruling is not contrary to, or an unreasonable application of, established federal law, given the Supreme Court's holding in *Tollett v. Henderson*, 411 U.S. 258 (1973): "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.* at 267.

Implicit in the Supreme Court of Virginia's reliance on *Peyton* is its finding that Pace voluntarily and knowingly entered his guilty pleas.  A review of the trial record establishes that this view is not based on an unreasonable determination of the facts, and Pace's knowing and voluntary statements reflect his understanding of the Circuit Court's questions about his pleas.  Pace stated that he fully understood the charges, had decided for himself to enter his pleas of guilty, and was doing so freely and voluntarily.  By entering *Alford* pleas to two counts of rape of a child under age 13, Pace "voluntarily, knowingly, and understandingly consent[ed] to the imposition of a prison sentence even if he [wa]s unwilling or unable to admit his participation in the acts constituting the crime." *Alford*, 400 U.S. at 37.

Pace entered those pleas after listening to the Commonwealth describe the facts, law, and evidence of the case, and he affirmed that he was pleading guilty because he did not want to take the risk that he would be found guilty beyond a reasonable doubt.  Pace also acknowledged his

---

[4] Respondent concedes that petitioner exhausted his state court remedies for claims 1, 2, 3, and 4.  (Docket No. 9, p. 3.)

5

surrender of procedural rights, the lack of impermissible persuasion or threats, and that he was satisfied with his attorney. Ultimately, Pace's "guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett*, 411 U.S. at 267. Pursuant to *Tollett*, Pace may not challenge the events that occurred before he knowingly and voluntarily entered guilty pleas.[5] Thus, the Supreme Court of Virginia's adjudication of these claims was not contrary to, or an unreasonable application of, federal law, and nor was it based on an unreasonable determination of the facts.

### B. Claim 4

Pace alleges that counsel provided ineffective assistance by failing to file a motion to suppress his confession and to exclude video testimony from the victim, as well as failing to investigate the issue of jurisdiction.

The state habeas court concluded that Pace's ineffective assistance claims were barred because they contradicted Pace's prior sworn statements to the trial court regarding his guilty pleas. Pace testified that he had discussed with his attorney the elements of the charges, what the Commonwealth had to prove and any possible defenses, and he affirmed he was entirely satisfied with his attorney's services. (Trans. pp. 37, 44). Relying on *Anderson v. Warden*, 222 Va. 511, which prohibits a habeas petitioner from relying on claims that are contradicted by his own sworn statements during a plea colloquy, the habeas court concluded that Pace's ineffective assistance claims could not proceed.

When reviewing a petitioner's claim of ineffective assistance of counsel regarding a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at such a

---

[5] *See Perry v. Commonwealth*, 33 Va. App. 410, 412 (2000) (internal citations omitted) ("Under an *Alford* plea, a defendant maintains innocence while entering a plea of guilty because the defendant concludes that his interests require entry of a guilty plea and the record before the court contains strong evidence of actual guilt. . . . Guilty pleas must be rooted in fact before they may be accepted. Accordingly, courts treat *Alford* pleas as having the same preclusive effect as a guilty plea.").

hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977); *see also Fields v. Atty. Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy.") (citation omitted). Pace has not pointed to any evidence that would undermine his prior statements regarding the sufficiency of his attorney's representation. As a result, Pace is bound by his prior representations, and his subsequent claims contradicting those representations were properly rejected by the Supreme Court of Virginia. At bottom, I find that the habeas court's decision was not contrary to clearly established federal law, and the court did not unreasonably apply the correct governing legal principle to the facts of Pace's case. *See Williams*, 529 U.S. at 413.

Moreover, Pace has also failed to allege circumstances that would constitute ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a successful claim for ineffective assistance of counsel must establish (1) that counsel's performance fell below an objective standard of reasonableness, such that counsel was not acting as the counsel guaranteed by the Sixth Amendment; and (2) that but for counsel's objectively unreasonable performance, there is a reasonable probability the outcome of the trial would have been different. *Strickland*, 466 U.S. at 687–91. There is no need "to address both components"; rather, if a reviewing court determines that the petitioner's claim fails on either the performance or the prejudice prong of the *Strickland* test, the court's inquiry may stop there. *Id*. at 697.

The two-part *Strickland* test "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In the context of a guilty plea

7

or its equivalent, the "performance" prong of the *Strickland* test is whether the advice of counsel "was within the range of competence demanded of attorneys in criminal cases." *Id.* at 56 (internal citations and quotations omitted).  With regard to the "prejudice" prong in the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Id*. at 59; *see also Burket v. Angelone*, 208 F.3d 172, 190 (4th Cir. 2000).

Pace argues that counsel provided ineffective assistance when he failed to file a motion to suppress Pace's confession.  (Docket No. 1, p. 9).  Pace was questioned about this case while he was in custody at the Prince William County-Manassas jail on other charges.  Pace claims he is "severely hearing impaired," and that when he asked the officer whether the conversation would be on or off the record, he thought she said, "Off the record."  Pace states that he was not given his *Miranda* warnings until almost two hours after the interrogation began.  (Docket No. 1, p. 8). Pace adds in his reply that "he was not presented with a *Miranda* form to sign until after being asked to write a statement, which [he] refused to do[.]"  (Docket No. 13, p. 5).

Pace has failed to establish that he was in custody for *Miranda* purposes when questioned by the police.  A defendant's *Miranda* rights are implicated only when he is in custody and being interrogated.  *Miranda*, 384 U.S. at 477–78; *Howes v. Fields*, 132 S. Ct. 1181, 1189 (2012) ("As used in our *Miranda* case law, 'custody' is a term of art that specifies circumstances that are thought generally to present a serious danger of coercion.").  As stated, Pace was already in jail in a different jurisdiction when the questioning occurred.  However, "imprisonment alone is not enough to create a custodial situation within the meaning of *Miranda*."  *Howes*, 132 S. Ct. at 1190.

In any case, as discussed, in the context of a guilty plea, to establish prejudice Pace must establish "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 747 U.S. at 59. That determination of prejudice is an objective one, "dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007). Pace has not demonstrated that a suppression motion would have succeeded in his case, and Pace's attorney cannot be found ineffective for failing to file a motion that would have been futile. *Moody v. Polk*, 408 F.3d 141, 151 (4th Cir. 2005). Accordingly, Pace has not established counsel's deficient performance under *Strickland*.

Pace also argues that counsel was deficient for failing to file a motion to exclude a video interview of the victim. He states that many of the victim's responses are inaudible, her writing is obscured by glare, and that it appears the police investigator is "leading her questions." (Docket No. 1, p. 10; Docket No. 13, p. 6). However, Pace does not provide any specifics regarding the content of the video interview, why it would have been prejudicial to his defense, or why a motion to suppress would have been successful.[6] Pace has not shown that he would not have pleaded guilty, but would have gone to trial, if the alleged video was suppressed. Accordingly, Pace has not established either *Strickland* prong regarding a motion to exclude the video interview of the victim.

Finally, Pace argues that counsel was ineffective for failing to investigate the issue of jurisdiction. Pace states, "I have contended from day one that nothing improper or illegal occurred within the jurisdiction of the City of Waynesboro." (Docket 1, p. 10). All the circuit

---

[6] Moreover, the state trial court, after hearing expert testimony regarding the necessity for the child victim to testify outside the courtroom, found that the child was under age ten, there was a substantial likelihood that the child would suffer severe emotional trauma from testifying in open court in the presence of the petitioner, and that it was necessary for the welfare and well-being of the child for a closed circuit proceeding. Thus, the court determined the child was "unavailable" to testify.

9

courts in Virginia "have original jurisdiction of all indictments for felonies . . . ." Va. Code Ann. § 17.1-513; *Porter v. Commonwealth*, 276 Va. 203, 229, 661 S.E.2d 415, 427 (2008). To the extent that Pace is attempting to bring a claim related to improper venue, this also fails.[7]

A criminal case must be prosecuted in the county or city in which the offense was committed. *See* Va. Code § 19.2-244. At the guilty plea hearing, the prosecutor stated that the evidence showed the offenses occurred in the Deluxe Budget Motel in Waynesboro, and introduced a photograph of the motel room. Still, under Virginia law, the Commonwealth need not establish venue beyond a reasonable doubt; rather, in considering venue, a court must determine whether the evidence gave rise to a "strong presumption that the offense was committed within the jurisdiction of the court." *See Cheng v. Commonwealth*, 240 Va. 26, 36, 393 S.E.2d 599, 604 (1990); *Gheorghiu v. Commonwealth*, 280 Va. 678, 689, 701 S.E.2d 407, 412 (2010).

Pace has failed to establish that venue was improper in Waynesboro, and that a motion for a change of venue would have been successful. He has also not claimed that, if his counsel had successfully moved to transfer venue to Staunton, Pace would have gone to trial. Indeed, it would be difficult for Pace to convincingly argue that he would have gone to trial under those circumstances, as he is not claiming that his charged crimes did not occur, but rather, that they occurred in Staunton, not Waynesboro. Accordingly, Pace has not established either prong under *Strickland* for this claim.

---

[7] *See Texaco, Inc. v. Runyon*, 207 Va. 367, 370, 150 S.E.2d 132, 135 (1966) (internal quotation marks omitted). ("Venue and jurisdiction, though sometimes confounded, are, accurately speaking, separate and distinct matters. Jurisdiction is authority to hear and determine a cause, or it may be defined to be the right to adjudicate concerning the subject matter in the given case . . . . Venue is merely the place of trial[.]").

### C. Claim 5

Pace's claim that his guilty plea was not intelligent and not voluntary is procedurally defaulted because he did not raise it in his direct appeal or state habeas petition, and Pace has not demonstrated grounds to excuse his default. "[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (citations omitted). Although a petitioner need not "cite book and verse on the federal constitution" in order to satisfy the exhaustion requirement, a federal claim nevertheless must be "fairly presented" to the state court. *Picard v. Conner*, 404 U.S. 270, 275, 278 (1971).

Pace did not raise his claim of an involuntary or unintelligent guilty plea with the Supreme Court of Virginia. However, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to state court." *Baker*, 220 F.3d at 288 (citation omitted). If Pace were to raise this claim to the Supreme Court of Virginia now, it would find that his claim is procedurally barred. *See* Va. Code § 8.01-654(B)(2) (requiring habeas petitioners to raise all available grounds for relief in their first state petition for a writ of habeas corpus); § 8.01-654(A)(2) (state habeas statute of limitations). Thus, Pace's claim is now simultaneously exhausted and procedurally barred from federal habeas review as well. *Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Basette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990).

A state prisoner can nonetheless obtain federal habeas review of a procedurally defaulted claim if he shows either (1) cause and prejudice or (2) a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To show cause, a petitioner must demonstrate that there were "objective factors" external to his defense that impeded him from raising his claim at an

earlier stage. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of a constitutional magnitude. *Id*. at 488. The "miscarriage of justice" exception is a narrow exception to the cause requirement. A habeas petitioner falls within this narrow exception if she can demonstrate that a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Id.* at 496. Actual innocence means "factual innocence not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). In this case, beyond stating that he "considered" including this ground in his state habeas petition, but felt that the ineffective assistance of counsel claim would "hold more sway," Pace offers nothing to excuse his procedural default.[8] (Docket No. 1, p. 14). Accordingly, I find that this claim is barred from federal habeas review, and is, therefore, dismissed.

## IV.

For the reasons stated herein, I grant respondent's motion to dismiss, and dismiss Pace's § 2254 petition.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the parties.

ENTER: This __9th__ day of August, 2013.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[8] Although Pace states that the facts supporting his unintelligent or involuntary guilty plea claim are "essentially the same" as the facts supporting his ineffective assistance of counsel claims, I find that Pace's ineffective assistance of counsel claims did not "fairly present" the specific question of an unintelligent or involuntary guilty plea in a manner allowing for meaningful state court review, as contemplated by the exhaustion doctrine. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (Fair presentation demands that a petitioner present "both the operative facts and the controlling legal principles associated with each claim" to the state courts.) (citation and internal quotations omitted).